# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 17-00016-02-CR-W-RK |
| LUIS ALFREDO VILLEGAS-ROSA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are Defendant Luis Alfredo Villegas-Rosa's ("Villegas-Rosa") Motion to Dismiss Count Sixteen or Seventeen for Violation of the Double Jeopardy Clause and/or on Multiplicity Grounds (Doc. 151), Motion to Dismiss Counts Fifteen, Sixteen and Seventeen on Double Jeopardy Grounds (Doc. 152), and Motion to Dismiss Count Twenty for Violating the Double Jeopardy Clause and/or on the Grounds of Multiplicity (Doc. 153) (collectively, the "Motions"). The Government has filed suggestions in opposition (Doc. 161). Accordingly, for the reasons stated below, the undersigned recommends that the Court enter an order DENYING the Motions.

## Background

The Government filed an Indictment against Villegas-Rosa and seven other named defendants charging thirty-four counts arising from the violent conduct carried out by the defendants on behalf of a criminal street gang (the "Matias-Torres Gang") based in St. Joseph, Missouri. The Matias-Torres Gang, named after its leader and founder, defendant Victor Matias-Torres, was believed to be affiliated with the notorious "Latin Kings" gang. The gang is alleged to have committed numerous acts of violence including murder, attempted murder, armed robbery,

and extortion, in addition to trafficking narcotics including heroin, cocaine, methamphetamine, and marijuana.  The Government alleges that Villegas-Rosa acted as a principal enforcer for the gang.

The central charge of the Indictment, Count One, charges each defendant with conspiracy to commit racketeering, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d).  The other thirty-three remaining charges stem from the violent conduct alleged as the basis for the racketeering charge in Count One.  In addition to Count One, Villegas-Rosa is charged with eight other counts.  Counts Five, Six, and Seven charge Villegas-Rosa for acts related to shooting at a rival.  Counts Fifteen, Sixteen, and Seventeen charge Villegas-Rosa with acts related to the murder of John O. Baynham, Jr.  Count Twenty charges Villegas-Rosa with conspiracy to traffic narcotics, and Count Thirty-Four charges Villegas-Rosa with illegal possession of a firearm by a convicted felon.  Villegas-Rosa filed three separate motions requesting that Counts Fifteen, Sixteen, Seventeen, and Twenty be dismissed for violating the Fifth Amendment Double Jeopardy Clause.

Count Fifteen charges Villegas-Rosa with murder in aid of racketeering, in violation 18 U.S.C. §1959(a)(1), for knowingly and intentionally murdering John O. Baynham, Jr.  The Government has alleged that Villegas-Rosa murdered Mr. Baynham for the purpose of gaining entrance to and maintaining and/or increasing his position in the Matias-Torres Gang.

Counts Sixteen and Seventeen are similar, but separate offenses.  Count Sixteen charges Villegas-Rosa with discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(1)(C)(i).  Count Seventeen charges Villegas-Rosa with murder resulting from the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(j).  In short, Count Sixteen charges Villegas-Rosa with using a gun

during a crime of violence, and Count Seventeen adds the additional element of using a gun during a crime of violence that resulted in death. Finally, Count Twenty charges Villegas-Rosa with conspiracy to traffic narcotics, in violation of 21 U.S.C. § 846.

## Legal Standard

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. This protects defendants from "both successive prosecutions and multiple punishments for the same criminal offense." *U.S. v. Bennett*, 44 F.3d 1364, 1368 (8th Cir. 1995). The Double Jeopardy Clause prevents defendants from being prosecuted again for the same offense either after a conviction or an acquittal, and from receiving multiple punishments for the same offense.

Multiple punishments are not permitted if two offenses are the same in both law and fact. *U.S. v. Muhlenbruch*, 634 F.3d 987, 1002 (8th Cir. 2011). In order to determine if multiple offenses are the same, the Court must look to the specific elements of each charged offense. *See Blockburger v. U.S.*, 284 U.S. 299 (1932). "[I]f each offense requires proof of an element not required by the other, the crimes are not considered the same." *U.S. v. Sandstrom*, 594 F.3d 634, 654 (8th Cir. 2010). In the event multiple offenses are considered the same offense under the *Blockburger* test, "cumulative sentences are not permitted, unless elsewhere specially authorized by Congress." *U.S. v. Kragness*, 830 F.2d 842, 863 (8th Cir. 1987) (quoting *Whalen v. U.S.*, 445 U.S. 684, 693 (1980)).

The Court must also determine if one offense is a "lesser included" offense of the other. "A 'lesser included offense' is a crime that is composed of some, but not all, of the elements of a more serious crime and that is necessarily committed in carrying out the greater crime." *Sandstrom*, 594 F.3d at 654 (internal citation omitted). "For double-jeopardy purposes, a lesser

3

included offense is considered the 'same offense' as the greater offense, so that acquittal or conviction of either offense precludes a separate trial for the other." *Id*.

Although successive prosecutions for the same offense are not permitted, the Supreme Court has long recognized the dual sovereignty doctrine, which holds that the Double Jeopardy Clause does not bar successive prosecutions from separate sovereigns. Under this doctrine, successive state and federal prosecutions for offenses arising from the same acts are permitted because the same act is an offense against both federal and state sovereignty. *See Abbate v. U.S.*, 359 U.S. 187 (1959) (holding that successive state and federal prosecutions are not in violation of the Fifth Amendment); *Bartkus v. Illinois*, 359 U.S. 121 (1959) (same); *Heath v. Alabama*, 474 U.S. 82, 88 (1985) ("When a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offences.") (internal quotation omitted).

"The defendant bears the initial burden of showing a non-frivolous claim of double jeopardy." *Bennett*, 44 F.3d at 1368. Once shown, "the burden shifts to the Government to show by a preponderance of the evidence that the two indictments at issue involve two separate offenses." *Id*.

### Analysis

**A. Motion to Dismiss Count Sixteen or Seventeen for Violation of the Double Jeopardy Clause and/or on Multiplicity Grounds (Doc. 151)**

Villegas-Rosa argues that Counts Sixteen and Seventeen seek multiple convictions and punishment for the same alleged conduct, in violation of the Double Jeopardy Clause. He argues that Count Sixteen is a lesser included offense of Count Seventeen, as Count Seventeen incorporates all the elements of Count Sixteen. Therefore, the two are treated as the same offense for purposes of Double Jeopardy. The Government argues that the two counts are each separate

offenses that the jury should consider, but admits that it would violate the Double Jeopardy Clause to convict and punish the defendant for Counts Sixteen and Seventeen based on the same underlying conduct.

Applying the *Blockburger* test, Count Sixteen appears to be a lesser included offense of Count Seventeen, and thus treated as the same offense for purposes of the Double Jeopardy Clause. Count Sixteen charges Villegas-Rosa with discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(1)(C)(i). In order to get a conviction, the Government must prove two elements: (1) the defendant committed a crime of violence; and (2) the defendant discharged a firearm in furtherance of that crime. *See* 18 U.S.C. §924(c); Eighth Circuit Jury Instructions No. 6.18.924C. The Government has alleged that Villegas-Rosa committed a crime of violence, in this case the crime being the murder in aid of racketeering (Count Fifteen), and that Villegas-Rosa discharged a weapon in furtherance of that crime by shooting Mr. Bayham.

Count Seventeen charges Villegas-Rosa with murder resulting from the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(j). In order to get a conviction, the Government must prove three elements: (1) the defendant committed a crime of violence; (2) the defendant discharged a firearm in furtherance of that crime; and (3) the defendant used the firearm to cause the death of another person. *See* 18 U.S.C. § 924(j); Eighth Circuit Jury Instructions No. 6.18.924C. For Count Seventeen, the Government has alleged that Villegas-Rosa committed a crime of violence (the murder in aid of racketeering (Count Fifteen)), that Villegas-Rosa discharged a weapon in furtherance of that crime by shooting Mr. Bayham, and that Villegas-Rosa's use of the firearm resulted in the death of Mr. Bayham.

Applying the *Blockburger* test, every element of § 924(c) is an element of § 924(j), meaning that Count Sixteen is a lesser included offense of Count Seventeen. Although the Eighth Circuit has not expressly addressed this issue, prior cases imply this interpretation. *See U.S. v. Allen*, 247 F.3d 741, 769 (8th Cir. 2001), *cert. granted, judgment vacated on other grounds*, 536 U.S. 953 (2002) ("§924(j) expressly incorporates § 924(c) and requires a violation of § 924(c) prior to imposition of the penalties set forth in §924(j)."). Furthermore, the majority of sister circuits that have addressed this issue have found §924(c) to be a lesser included offense of §924(j). *See U.S. v. Gonzales*, 841 F.3d 339, 356 (5th Cir. 2016) ("Every element of section 924(c) is also an element of section 924(j)…As such, section 924(j) amounts to the 'same offense' as section 924(c) for purposes of the Double Jeopardy Clause."); *U.S. v. Garcia-Ortiz*, 657 F.3d 25, 28 (1st Cir. 2011) (same).

Since Count Sixteen appears to be a lesser included offense of Count Seventeen, Villegas-Rosa cannot be convicted of and receive multiple punishments for both, a point the Government admits. *See* Doc. 161 at 18-19. But at this point, there is no Double Jeopardy violation because Villegas-Rosa has not been convicted of either count. The Government is permitted to charge Villegas-Rosa with both the greater and lesser offense. *U.S. v. Huether*, 673 F.3d 789, 798 (8th Cir. 2012) (government is not prohibited from charging defendant with both a greater and lesser offense). Therefore, the undersigned recommends that Villegas-Rosa's Motion to Dismiss Count Sixteen or Seventeen for Violation of the Double Jeopardy Clause and/or on Multiplicity Grounds (Doc. 151) be DENIED.

### B. Motion to Dismiss Counts Fifteen, Sixteen and Seventeen on Double Jeopardy Grounds (Doc. 152)

Villegas-Rosa argues that Counts Fifteen, Sixteen, and Seventeen violate the Double Jeopardy clause of the Fifth Amendment. Specifically, Villegas-Rosa argues that he was

6

Case 4:17-cr-00016-RK   Document 190   Filed 10/15/18   Page 6 of 8

previously charged with second degree murder in Missouri state court for the death of Mr. Baynham. He pleaded guilty and received a life sentence. Despite this guilty plea and sentence, the Government has used the murder of Mr. Baynham as the basis to charge Villegas-Rosa with three additional federal offenses. Villegas-Rosa argues that this second prosecution violates the Double Jeopardy Clause's bar against successive prosecutions for the same offense.

Villegas-Rosa's argument fails due to the doctrine of dual sovereignty. The Supreme Court has consistently held that the Double Jeopardy Clause does not bar successive state and federal prosecutions for offenses arising from the same acts. *See Abbate,* 359 U.S. 187. Thus, even though Counts Fifteen, Sixteen, and Seventeen are charges based on the same acts as the state murder charge, the subsequent prosecution by the federal government does not violate the Double Jeopardy Clause. Therefore, the undersigned recommends that Villegas-Rosa's Motion to Dismiss Counts Fifteen, Sixteen and Seventeen on Double Jeopardy Grounds (Doc. 152) be DENIED.

### C. Motion to Dismiss Count Twenty for Violating the Double Jeopardy Clause and/or on the Grounds of Multiplicity (Doc. 153)

Finally, Villegas-Rosa argues that Counts One and Twenty are multiplicious, as Count Twenty (Narcotics Trafficking Conspiracy) is essentially identical to and included in Count One (RICO Conspiracy). Villegas-Rosa argues that the same offense, the narcotics trafficking conspiracy, is charged twice in separate counts, thus exposing Villegas-Rosa to multiple punishments for the same offense, in violation of the Double Jeopardy Clause.

This argument has previously been addressed by the Eighth Circuit. In *United States v. Kragness*, 830 F.2d 842 (8th Cir. 1987), the Eighth Circuit held that a RICO conspiracy charge and a non-RICO drug conspiracy charge were the "same offense" under the *Blockburger* test. However, the Eighth Circuit found that Congress clearly intended to permit cumulative sentences for RICO offenses and underlying crimes. *Id.* at 864. Therefore, the defendant's multiple

7

Case 4:17-cr-00016-RK    Document 190    Filed 10/15/18    Page 7 of 8

convictions for both the RICO conspiracy and underlying non-RICO drug conspiracy did not violate the Double Jeopardy Clause. *Id*. For this reason, Villegas-Rosa's argument must also fail.[1]

Therefore, the undersigned recommends that Villegas-Rosa's Motion to Dismiss Count Twenty for Violating the Double Jeopardy Clause and/or on the Grounds of Multiplicity (Doc. 153) be DENIED.

## Conclusion

Accordingly, it is **RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the Motion to Dismiss Count Sixteen or Seventeen for Violation of the Double Jeopardy Clause and/or on Multiplicity Grounds (Doc. 151), Motion to Dismiss Counts Fifteen, Sixteen and Seventeen on Double Jeopardy Grounds (Doc. 152), and Motion to Dismiss Count Twenty for Violating the Double Jeopardy Clause and/or on the Grounds of Multiplicity (Doc. 153).

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                                /s/ John T. Maughmer
                                               **John T. Maughmer**
                                    **United States Magistrate Judge**

---

[1] Furthermore, it is possible that a jury could convict Villegas-Rosa on Count Twenty for the conspiracy to traffic narcotics, but find that the narcotics trafficking was not related to the RICO conspiracy charged in Count One. The racketeering activity alleged in Count One includes, among other things, murder, robbery, extortion, and assault, in addition to narcotics trafficking.