# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-00016-CR-RK ) |
| LUIS ALFREDO VILLEGAS-ROSA, | ) ) |
| Defendant. | ) |

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is Defendant Luis Alfredo Villegas-Rosa's three motions to dismiss. (Docs. 151, 152 and 153.) On October 15, 2018, United States Magistrate Judge John T. Maughmer issued the Report and Recommendation ("R&R"). (Doc. 190.) Defendant filed objections to the R&R as to its ruling on two of his motions (Docs. 195, 196), and the Government filed a response to Defendant's objections (Doc. 197).

Pursuant to Federal Rule of Criminal Procedure 59(b)(3), "[a] district judge must consider de novo any objection to a magistrate judge's recommendation." After an independent, de novo review of the record, including the applicable law, and Defendant's objections and original motion, the Court adopts the R&R of Judge Maughmer in its entirety.[1]

In particular, the Court agrees with the recommendation to deny Defendant's motion to dismiss Counts 15, 16, and 17 (Doc. 152), but adds the following to the analysis. Defendant seeks to dismiss Counts 15, 16 and 17 on double jeopardy grounds because he is being prosecuted for conduct for which he was previously charged and convicted in Missouri state court. In support, Defendant challenges the correctness of the doctrine of dual sovereignty, which allows prosecutions to be brought by different sovereigns, and further argues that, in any case, the doctrine should not apply to the unique nature of this case. After an initial round of briefs, Defendant filed a supplemental brief in relation to these arguments. There, he updates the Court that the Supreme Court granted certiorari in the case of *Gamble*, which raises the question of the dual sovereignty doctrine's continued viability. Defendant also requests a brief evidentiary hearing.

---

[1] The Court's review included the following court filings: Docs. 151-153, 161, 185, 187, 189, 190 and 195-197.

This Court is in accord with the R&R in its rejection of Defendant's arguments due to the dual sovereignty doctrine. In objecting to the R&R on this ruling, Defendant maintains that the R&R did not refer to *Gamble*, did not expressly address his arguments related to the applicability of the dual sovereignty doctrine to this case, and did not address his request for a hearing. (Doc. 185.) However, consistent with the R&R, the Court finds that the dual sovereignty doctrine is applicable based on the current state of the law and finds no merit in Defendant's remaining arguments. In addition, Defendant's request for a hearing in the supplemental brief lacked a sufficiently clear basis to demonstrate that an evidentiary hearing is warranted. (Doc. 185 at p. 1 and ¶ 7.)

Irrespective of the dual sovereignty doctrine, the Court finds persuasive the Government's independent ground for denying Defendant's motion. Specifically, Congress intended to permit cumulative punishment under the VICAR statute, especially in light of the Eighth Circuit's construction of RICO to authorize cumulative sentences for RICO offenses and the underlying crimes. (Doc. 161 at 13); *United States v. Mahdi*, 598 F.3d 883, 889 (D.C. Cir. 2010) (reading the language of the VICAR statute as suggesting that "Congress intended to impose for a VICAR violation a cumulative penalty separate from and in addition to what is authorized by a particular 'law [] of a [] State or the United States,' as it did in enacting RICO . . ."); *United States v. Kragness*, 830 F.2d 842, 864 (8th Cir. 1987) (concluding that Congress intended to allow cumulative punishments for RICO conspiracy and conspiracies to commit the underlying predicate offenses).

Accordingly, it is **ORDERED** that:

(1) Defendant's motions to dismiss (Docs. 151, 152, and 153) are **DENIED**.
(2) Magistrate Judge John T. Maughmer's Report and Recommendation (Doc. 190) shall be attached to and made a part of this Order.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 21, 2018