# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action Number |
| ) | 17-00016-02-CR-W-RK |
| **Luis Alfredo Villegas-Rosa,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are three motions filed on January 22, 2019 by defendant Luis Alfredo Villegas-Rosa ("Villegas-Rosa") through his counsel, Brian Gaddy, to wit:

(1) the RENEWED MOTION TO DISMISS COUNT SIXTEEN OR SEVENTEEN OF THE SUPERSEDING INDICTMENT FOR VIOLATION OF THE DOUBLE JEOPARDY CLAUSE AND/OR ON MULTIPLICITY GROUNDS (Doc. #226),

(2) the MOTION TO DISMISS PORTION OF COUNT SIXTEEN AND SEVENTEEN THAT ALLEGES COUNT ONE (RICO CONSPIRACY) IS A PREDICATE CRIME OF VIOLENCE FOR PURPOSES OF 18 U.S.C. § 924(c) AND 924(j) (Doc. # 227), and

(3) the MOTION TO DISMISS COUNTS FIFTEEN, SIXTEEN, SEVENTEEN, THIRTY-FOUR AND PORTION OF COUNT ONE (MURDER-RELATED OVERT ACTS) OF SUPERSEDING INDICTMENT ON DOUBLE JEOPARDY GROUNDS (Doc. #228).

The government, through its counsel, Assistant United States Attorneys Patrick Edwards, David Raskin, and Emily Morgan, has filed an omnibus response to all three motions. The Court has considered all of the briefing by the parties. After full consideration, the undersigned makes the following recommendation regarding Villegas-Rosa's motions:

1

On January, 2017, Villegas-Rosa and seven other individuals were indicted in a 34-count Indictment (Doc. #1) in this Court. Villegas-Rosa was specifically charged in nine of the counts:

- (a) Racketeering conspiracy under 18 U.S.C. § 1962 [Count One];

- (b) Murder conspiracy in aid of racketeering under 18 U.S.C. § 1959 [Count Five];

- (c) Assault with a dangerous weapon and attempted murder in aid of racketeering under 18 U.S.C. § 1959 [Count Six];

- (d) Discharge of a firearm in furtherance of a crime of violence or drug trafficking crime under 18 U.S.C. § 924 [Counts Seven and Sixteen];

- (e) Murder in aid of racketeering under 18 U.S.C. § 1959 [Count Fifteen];

- (f) Murder resulting from the use and carrying of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924 [Count Seventeen];

- (g) Narcotics trafficking conspiracy under 21 U.S.C. §§ 841, 846 [Count Twenty]; and

- (h) Felon in possession of a firearm under 18 U.S.C. §§ 922, 924 [Count Thirty-Four].

Subsequently, on March 19, 2018, Villegas-Rosa filed motions to dismiss Counts Fifteen, Sixteen, Seventeen, and Twenty (Doc. ##151, 152, 153) of the INDICTMENT. On October 15, 2018, a REPORT AND RECOMMENDATION (Doc. #190) was entered recommending that all three motions be denied. Villegas-Rosa thereafter timely filed objections with the district court. On December 21, 2018, the district court entered an order (Doc. #221) adopting the REPORT AND RECOMMENDATION and denying Villegas-Rosa motions to dismiss.

However, in the interim between the issuance of the REPORT AND RECOMMENDATION and the district court's adoption, the government filed a SUPERSEDING INDICTMENT (Doc. #205) on November 24, 2018. With regard to Villegas-Rosa, in the new charging document, he is still

2

named in the same nine counts based on alleged violations of the same federal criminal statues as set out in the original INDICTMENT. As it concerns Villegas-Rosa, the primary difference between the two indictments is that the Superseding Indictment amends Counts Sixteen and Seventeen to allege that the racketeering conspiracy charged in Count One is a predicate "crime of violence" under 18 U.S.C. § 924(c), (j). Villegas-Rosa's three pending motions are all directed to the SUPERSEDING INDICTMENT.

In his RENEWED MOTION TO DISMISS COUNT SIXTEEN OR SEVENTEEN OF THE SUPERSEDING INDICTMENT FOR VIOLATION OF THE DOUBLE JEOPARDY CLAUSE AND/OR ON MULTIPLICITY GROUNDS (Doc. #226), Villegas-Rosa asserts that the submission of the same act[1] to supply a basis for charges under both 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j) violates the Double Jeopardy Clause and "creates additional concerns of multiplicity and risks confusing the jury during its deliberations." The argument advanced by Villegas-Rosa was previously raised by him (Doc. #151) in his challenge to the original INDICTMENT.[2] Inasmuch as there has been no change in the law or facts concerning the argument, the Court simply reiterates the conclusion set out in the prior REPORT AND RECOMMENDATION (and adopted by the district court):

> Since Count Sixteen appears to be a lesser included offense of Count Seventeen, Villegas-Rosa cannot be convicted of and receive multiple punishments for both, a point the Government admits. But at this point, there is no Double Jeopardy violation because Villegas-Rosa has not been convicted of either count. The Government is permitted to charge Villegas-Rosa with both the greater and lesser offense.

---

[1] The "act" is issue was the fatal shooting of John O. Baynham, Jr. on February 15, 2015. On January 14, 2016, Villegas-Rosa entered a guilty plea after being charged with second degree murder in the Circuit Court of Buchanan County, Missouri. Villegas-Rosa has been sentenced to life imprisonment for that crime and is presently incarcerated.

[2] Villegas-Rosa notes that he is renewing his earlier motion to ensure that his claims will be properly preserved for appellate consideration.

3

In a similar vein, Villegas-Rosa's MOTION TO DISMISS COUNTS FIFTEEN, SIXTEEN, SEVENTEEN, THIRTY-FOUR AND PORTION OF COUNT ONE (MURDER-RELATED OVERT ACTS) OF SUPERSEDING INDICTMENT ON DOUBLE JEOPARDY GROUNDS (Doc. #228) is essentially a renewal of the same argument previously advanced by Villegas-Rosa in seeking a dismissal of portions of the original INDICTMENT, namely Villegas-Rosa's contention challenging the dual sovereignty doctrine[3] as an exception to the Double Jeopardy Clause. To that end, Villegas-Rosa notes that on June 28, 2018, the Supreme Court grant a writ of certiorari in *United States v. Gamble*, 694 Fed. Appx. 750 (11th Cir. 2017) (*per curiam*), *cert. granted,* 138 S. Ct. 2707 (2018), and that the decision in *Gamble* may address the continuing viability of the dual sovereignty doctrine as an exception to the Double Jeopardy Clause insofar as successive state and federal prosecutions are concerned.

With regard to the arguments by Villegas-Rosa in his MOTION TO DISMISS COUNTS FIFTEEN, SIXTEEN, SEVENTEEN, THIRTY-FOUR AND PORTION OF COUNT ONE (MURDER-RELATED OVERT ACTS) OF SUPERSEDING INDICTMENT ON DOUBLE JEOPARDY GROUNDS (Doc. #228), the district court, acknowledged the impending decision in *Gamble*, but nonetheless rejected Villegas-Rosa's argument based on the inapplicability of the dual sovereign doctrine. Moreover, the district court further specifically found:

---

[3]  [T]he dual sovereignty doctrine is founded on the common law conception of crime as an offense against the sovereignty of the government. When a single act violates the peace and dignity of two sovereigns by breaking the laws of each, [the defendant] has committed two distinct offences.

*Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437 (1996) (reaffirming that successive prosecutions by separate sovereigns do not violate the Double Jeopardy Clause).

> Irrespective of the dual sovereignty doctrine, the Court finds persuasive the Government's independent ground for denying Defendant's motion. Specifically, Congress intended to permit cumulative punishment under the VICAR statute, especially in light of the Eighth Circuit's construction of RICO to authorize cumulative sentences for RICO offenses and the underlying crimes. (Doc. 161 at 13); *United States v. Mahdi*, 598 F.3d 883, 889 (D.C. Cir. 2010) (reading the language of the VICAR statute as suggesting that "Congress intended to impose for a VICAR violation a cumulative penalty separate from and in addition to what is authorized by a particular 'law [] of a [] State or the United States,' as it did in enacting RICO . . ."); *United States v. Kragness*, 830 F.2d 842, 864 (8th Cir. 1987) (concluding that Congress intended to allow cumulative punishments for RICO conspiracy and conspiracies to commit the underlying predicate offenses).

The variations on the arguments raised in the new motion by Villegas-Rosa (and his attempts to distinguish the *Mahdi* and *Kragness* decisions) do not persuade the Court that the district court's original ruling needs to be reconsidered or altered.

Finally, the Government acknowledges that the argument asserted by Villegas-Rosa in his MOTION TO DISMISS PORTION OF COUNT SIXTEEN AND SEVENTEEN THAT ALLEGES COUNT ONE (RICO CONSPIRACY) IS A PREDICATE CRIME OF VIOLENCE FOR PURPOSES OF 18 U.S.C. § 924(c) AND 924(j) (Doc. # 227) does raise a new issue. In *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), the Supreme Court struck down as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act [18 U.S.C. § 924(e)(2)(B)]. Vallegas-Rosa argues that the rationale utilized by the *Johnson* Court, when applied to 18 U.S.C. § 924(c)(3)(B), leads to the same conclusion – that the provision violates due process. The argument has been raised in other federal prosecutions. While the Eighth Circuit previously rejected the argument in *United States v. Prickett*, 839 F.3d 697, 700 (8th Cir. 2016), the decision predated the Supreme

Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).[4] A split has arisen among the Circuits, post-*Dimaya*, concerning the constitutionality of 18 U.S.C. § 924(c)(3)(B).

The government acknowledges the split of authority and notes that the Supreme Court granted a writ of certiorari on January 4, 2019 in an apparent attempt to resolve the Circuit split as to whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson*/*Dimaya*. *United States v. Davis*, 903 F.3d 483, 4842 (5th Cir. 2018), *cert. granted,* 2019 WL 98544 (U.S. Jan. 4, 2019). The government also notes that, in light of the decision by the Supreme Court to hear *Davis*, the Eighth Circuit has stayed an appeal before it considering the same question. ORDER, *Eizember v. United States*, Appeal No. 17-1406 (8th Cir. Feb. 1, 2019) (holding case ".in abeyance pending a decision from the United States Supreme Court in *United States v. Davis*, No. 18-431"). Based on the foregoing, the Government requests that the MOTION TO DISMISS PORTION OF COUNT SIXTEEN AND SEVENTEEN THAT ALLEGES COUNT ONE (RICO CONSPIRACY) IS A PREDICATE CRIME OF VIOLENCE FOR PURPOSES OF 18 U.S.C. § 924(c) AND 924(j) (Doc. # 227) be held in abeyance. The Court concurs in that assessment.[5]

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the Renewed Motion to Dismiss Count Sixteen or

---

[4] In *Dimaya*, The Supreme Court found a residual clause in 18 U.S.C. §16(b) that was cross referenced in the Immigration and Nationality Act which defined a crime of violence using language identical to the language used in the charges at issue in this case to be unconstitutionally vague.

[5] The Court also agrees with the government that holding a decision on the constitutionality of the residual clause in abeyance pending guidance from the Supreme Court is distinguishable from holding a decision on the dual sovereignty doctrine in abeyance pending a decision from the Supreme Court. With regard to the latter, there is an independent basis to deny the motion. Nonetheless, in practical terms, it seems likely that the Court will address the viability of the dual sovereignty doctrine in *Gamble* before the it addresses the constitutionality of 18 U.S.C. § 924(c)(3)(B) in *Davis*.

Seventeen of the Superseding Indictment for Violation of the Double Jeopardy Clause and/or on Multiplicity Grounds (Doc. #226).  It is further

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the Motion to Dismiss Counts Fifteen, Sixteen, Seventeen, Thirty-Four and Portion of Count One (Murder-Related Overt Acts) of Superseding Indictment on Double Jeopardy Grounds (Doc. #228).  It is further

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, **DEFER** ruling on the Motion to Dismiss Portion of Count Sixteen and Seventeen that Alleges Count One (RICO Conspiracy) is a Predicate Crime of Violence for Purposes of 18 U.S.C. § 924(c) and 924(j) (Doc. # 227) until the Supreme Court has reaches its decision in *United States v. Davis*, 903 F.3d 483, 4842 (5th Cir. 2018), *cert. granted,* 2019 WL 98544 (U.S. Jan. 4, 2019), or this Court orders otherwise.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same.  A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**
